IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JIM B. DUNNIGAN**,  No. CV 07-1645-AC

       Plaintiff,  OPINION & ORDER

   v.

**MICHAEL J. ASTRUE**
Commissioner of Social Security,

       Defendant.

**MOSMAN, J.,**

On December 23, 2009, Magistrate Judge Acosta issued Findings and Recommendation ("F&R") (#45) in the above-captioned case recommending that I GRANT IN PART plaintiff's Unopposed Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (#33). Plaintiff filed objections (#50).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal

1

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R.  28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendation, and I ADOPT the F&R as my own opinion.  I write separately to clarify four points.

First, Mr. Graf, (Plaintiff's counsel)[1] argues that the District Court of Oregon has treated the contingency agreement as primary, making a departure from the fee agreement an exception rather than the rule.  (Pl.'s Objections (#50) 3 n.3.)  I do not find Mr. Graf has demonstrated any consensus within this district.  Even if we could establish a consensus exists, the attorney bears the burden to show the fee sought is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  I agree with Judge Acosta's finding that Mr. Graf failed to show the reasonableness of twenty-five percent fee agreement. Moreover, he fails to provide a precise figure of the amount of past-due benefits to be awarded and instead merely represents that the originally requested amount is twenty-five percent of the past-due benefits. (*See* Mem. in Support of Pl.'s Mot. for Att'y Fees (#37) 1.)

Second, Mr. Graf contends that this case involved significant risk justifying the full twenty-five percent fee agreement.  (Pl.'s Objections (#50).)  After Mr. Graf filed his Original Motion for Attorney Fees (#33), the Ninth Circuit decided *Crawford v. Astrue*, 586 F.3d 1142

---

[1] In attorney fee motions under § 406(b), the real party in interest is the attorney, not the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

2

(9th Cir. 2009), reversing an earlier decision and requiring counsel to analyze the specific as opposed to general risks involved in the case. Although Mr. Graf did not address the specific risk factors in his briefing, Judge Acosta analyzed the particular risks and complexities of the case and I agree with his conclusion that neither the factual nor legal issues were particularly complex.

Third, Mr. Graf asserts that Judge Acosta erroneously employed the lodestar method as the driving force in his calculations. (Pl.'s Objections (#50) 12.) Judge Acosta began with the fee agreement and, after employing the *Gisbrecht* and *Crawford* factors, determined Mr. Graf failed to support the fee request as reasonable. While Judge Acosta compared the reduced award to the average hourly rate of a Portland attorney, I find this comparison was only used to offer perspective and not as part of the analysis.

Finally, I do not find that Judge Acosta penalized Mr. Graf for failing to provide an itemized record of the time spent on this case. Instead, Judge Acosta simply used the absence of the accounting as one of several factors to determine the reasonableness of the fee requested. Specifically, Judge Acosta noted that the absence of an itemized record precluded an in-depth analysis of time spent on the case, but he nevertheless could analyze the reasonableness of the fee based on the type, nature and length of filings in this case.

///
///
///
///
///

3

Upon review, I agree with Judge Acosta's recommendation, and I ADOPT the F&R (#45) as my own opinion. Plaintiff's Motion for Attorney Fees is GRANTED IN PART and a 406(b) fee of $11,874.00 should be awarded to Mr. Graf.

IT IS SO ORDERED.

DATED this  16th  day of March, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court